IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

RECEIVED
2018 DEC 19 PM 3:19
CLERK U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

M.P. A MINOR, BY HER NEXT FRIEND, )
MARQUITA PETERS, AND MARQUITA )
PETERS, INDIVIDUALLY, )
                                          Plaintiffs, )
                                              )
v.                                         ) Case No. 4:18-CV-00816-DGK
                                              )
BOARD OF DIRECTORS OF RAYTOWN )
CONSOLIDATED SCHOOL DISTRICT )
NO. 2, et al., )
                                              )
                                  Defendants. )

## SUGGESTIONS IN SUPPORT OF
## MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE OF COUNT I AND
## FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION
## OVER THE STATE LAW CLAIM FOR TRIAL *DE NOVO*

Plaintiffs *Pro Se*, M.P., a minor, by her Next Friend Marquita Peters, and Marquita Peters, Individually, have filed a motion for voluntary dismissal with prejudice of Count I of their Petition and for the Court's order declining to exercise supplemental jurisdiction of Count II, which arises under state law. The motion to dismiss Count I should be sustained and the remaining claim returned to state court for a trial *de novo* of the determination upholding M.P.'s suspension and school reassignment for the reasons set forth in these suggestions.

### BACKGROUND

Plaintiffs filed a two-count Petition in the Circuit Court of Jackson County presenting two claims: Count I, which alleged a violation of First Amendment (as applied to the States

by the Fourteenth Amendment) and Count II which sought a trial *de novo* of her long-term suspension and school reassignment by Defendants in the Circuit Court as provided for by Mo. Rev. Stat. § 167.161.3.[1] Defendants removed the action to this Court primarily invoking 28 U.S.C. § 1441(a), correctly observing that Count I arose under the Constitution and laws of the United States. Since removal, Defendants have filed a motion to dismiss Count I under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 5. Plaintiffs now move for the dismissal of Count I with prejudice, for the Court's order declining to exercise jurisdiction over the remaining state law statutory claim for a trial *de novo* of Defendants' suspension and school reassignment, and for remand of the remaining Count II to the Circuit Court.

## AUTHORITIES AND ARGUMENT

The relief sought by Plaintiffs is authorized under applicable rules and statutes and is warranted when these authorities are applied to the facts and circumstances present here.

Dismissal of Count I is permissible. Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order "on terms

---

[1] Mo. Rev. Stat. § 536.150 provides for judicial review of decisions of agencies that determine the legal rights, duties, or privileges of any person. Section 167.161.3 provides:

> The school board shall make a good-faith effort to have the parents or others having custodial care present at any such [board] hearing. Notwithstanding, any other provision of law to the contrary, student discipline hearings or proceedings related to the rights of students to attend school or to receive academic credit shall not be required to comply with the requirements applicable to contested case hearings as provided in chapter 536, provided that applicable due process procedures shall be observed which shall include the right for a trial *de novo* by the circuit court.

It is such a trial *de novo* that Plaintiffs seek in Count II.

2

that the court considers proper." Recognizing that the rule provides that a dismissal under Rule 41(a)(2) is without prejudice unless the order states otherwise, Plaintiffs emphasize their willingness for the claim to be dismissed with prejudice. Additionally, Defendants' motion to dismiss underscores that they want to avoid liability for the First Amendment claim, so they hardly can object to its dismissal.

Defendants recognize that this Court's jurisdiction over the case hinges on Plaintiffs' First Amendment claim (although their characterization of this claim as "primary" may be an exaggeration). Doc. 1, Notice of Removal at ¶ 5. As for the state law claim in Count II, they would have the Court exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). Although they misstate what is said in the statute, Defendants attempt to assert that the claim in Count II is so related to the First Amendment claim over which this Court has original jurisdiction that they form part of the same cause or controversy under Article III of the United States Constitution. *Id.* at ¶ 6 ("Plaintiffs' various claims of First Amendment and Fourteenth Amendment rights are so related to the claims over which the Court has original jurisdiction . . . ."). But what they do not say is what should happen where there is no claim over which the Court has original jurisdiction. However, § 1367(c) posits circumstances under which, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)":

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original

Case 4:18-cv-00816-DGK   Document 14   Filed 12/19/18   Page 3 of 6

jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

At least two of those circumstances are present here. First, and most importantly, is that if Count I is dismissed, the Court will have dismissed all claims over which it has original jurisdiction. § 1367(c)(3). So, Count II will no longer be so related to *any* claim over which this Court has original jurisdiction. And, although they will press forward to try to find other counsel who would be admitted to practice in this Court, Plaintiffs would prefer to continue to be represented by their chosen counsel who originated the case for them in state court. That the case would return to state court where their chosen attorney is admitted to practice is a compelling reason for declining jurisdiction. A third reason for declining to exercise supplemental jurisdiction is that while Count II does not raise a "novel or complex issue of State law", it hardly seems to be an efficient use of this Court's resources to – where it is the only remaining claim – conduct a trial *de novo* related to a school suspension and reassignment.

The Supreme Court has recognized that:

> Depending on a host of factors, then – including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims – district courts may declines to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every state of the litigation, the values of judicial economy, convenience, fairness, and comity."

*City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)).  These values weigh heavily in favor of declining to exercise supplemental jurisdiction over a trial *de novo* of the determination to uphold M.P.'s suspension and reassignment.

WHEREFORE, for the above reasons Plaintiffs respectfully suggest that their Motion for Voluntary Dismissal with Prejudice of Count I and for the Court to Decline Supplemental Jurisdiction Over the State Law Claim in Count II for a Trial *De Novo* be sustained and the cause returned to state court for adjudication of Count II upon a trial *de novo*.  Plaintiffs also suggest that because there is no reason to believe that Defendants would not have been able to argue for dismissal of Count I in state court and receive a fair and just hearing on their arguments, proper terms for the dismissal (as contemplated by Rule 41(a)(2) would assess any costs associated with removal of the action to this Court solely against Defendants.

Respectfully submitted,

By  *Marquita Peters*
M.P. by her Next Friend Marquita Peters
Marquita Peters, Individually
709B N.E. Banner Drive
Lee's Summit, Missouri  64086
(816) 308-9612
nurse1127@icloud.com

Plaintiffs *Pro Se*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on counsel below by First Class United States Mail, postage pre-paid, this 17TH day of December, 2018:

Jessica M. Bernard  Mo. # 58980
Ryan T. Fry  Mo. # 52143
Anthony S. McDaniel  Mo. # 68767
Guin Mundorf, LLC
4520 Main Street, Suite 520
Kansas City, Missouri  64111
(816) 333-1700
(816) 886-3800 (telefacsimile)
jbernard@gmschoollaw.com
rfry@gmschoollaw.com
amcdaniel@gmschoollaw.com

Attorneys for Defendants

_____
Marquita Peters, Next Friend of Plaintiff *Pro Se* M.P. and Individual Plaintiff *Pro Se*