# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| M.P., a minor, by her next friend, MARQUITA PETERS, and MARQUITA PETERS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF DIRECTORS OF RAYTOWN CONSOLIDATED SCHOOL DISTRICT NO. 2, et al., <br><br> Defendants. | No. 4:18-CV-0816-DGK |

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO DISMISS

This lawsuit alleges a 180 day suspension of high school student M.P. for physically threatening her soccer coach violated M.P.'s constitutional rights. The Defendants are the members of the school board of education and the district's superintendent, sued in his official capacity. Now before the Court is Plaintiffs' Motion for Voluntary Dismissal With Prejudice of Count I and for the Court to Decline Supplemental Jurisdiction Over the State Law Claim in Count II for a Trial *De Novo* (Doc. 13).

Plaintiffs filed this lawsuit in the Circuit Court of Jackson County, Missouri, alleging two counts: violation of M.P.'s First and Fourteenth Amendment Rights for punishing her for expressing her thoughts and feelings (Count I), and a trial *de novo* pursuant to Mo. Rev. Stat. § 167.161.3 (Count II). After Defendants removed to federal court on the basis of federal question jurisdiction, Plaintiffs filed the pending motion.

Plaintiffs move to dismiss Count I with prejudice. They argue that after the Court dismisses Count I, it should decline to exercise supplemental jurisdiction over the sole remaining count and remand the case back to the Jackson County Circuit Court. In support of remand, Plaintiffs argue:

(1) the Court will no longer have original jurisdiction over any claim left in the case; (2) Count II is not related to Count I; (3) their preferred choice of counsel is not admitted to practice in the Western District of Missouri, and (4) while there are no novel issues of state law here, it is not an efficient use of this Court's resources to conduct a trial de novo in this matter. Finally, Plaintiffs request that any costs in this case be assessed solely against Defendants.

Defendants do not oppose dismissal of Count I with prejudice, but argue the Court should continue to exercise supplemental jurisdiction over Count II because doing so would best serve judicial economy, since sending this case back to state court would essentially re-start the judicial process. Defendants also ask the Court to allow them to seek costs against Plaintiffs.

The statute governing supplemental jurisdiction states in relevant part,

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367. Even where one of the grounds listed in § 1367(c) is present, the court's discretion "should be guided by considerations of judicial economy, convenience, and fairness to the litigants." *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999). A

"substantial investment of judicial time and resources" in a case "justifies the exercise of jurisdiction over the state claims, even after the federal claim has been dismissed." *North Dakota v. Merchants Nat'l Bank & Trust Co.*, 634 F.2d 368, 371 (8th Cir. 1980) (en banc).

The Court will dismiss Count I with prejudice since the parties agree to it. And since the Court has dismissed all claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over Count II.

The Court finds that considerations of judicial economy, convenience, and fairness to the litigants weigh in favor of not exercising supplemental jurisdiction. The Court has invested little time in this case, so sending it back to state court will not result in wasteful duplication of judicial efforts. The convenience factor weighs in favor of not exercising jurisdiction, since this will allow Plaintiffs to be represented by their counsel of choice. And the fairness to litigants factor does not weigh in favor of either outcome.

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' sole remaining claim.

Plaintiffs' request to preclude Defendants from seeking costs is DENIED. Plaintiffs sued Defendants for allegedly violating the First and Fourteenth Amendments, so Defendants had a statutory right to removal. The Court sees no reason why exercising this right should prevent Defendants from seeking costs against Plaintiffs.

Plaintiffs' motion is GRANTED IN PART. Count I is DISMISSED WITH PREJUDICE. This case is remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date:   February 21, 2019                              /s/ Greg Kays
                                                              GREG KAYS, JUDGE
                                                              UNITED STATES DISTRICT COURT